## Commonwealth v. Arnold

John T. Miller, for Commonwealth.

George M. Elsesser, Jr., for defendant.

ATKINS, P. J., August 30, 1962.—Here the Commonwealth brought a prosecution against defendant charging him with violation of section 823 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4823. This section provides:

"Whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth, or any political subdivision thereof, converts or appropriates the moneys so collected, or any part thereof, to his own use in any way whatever, or uses by way of investment in any kind of property or merchandise any portion of the money so collected by him as taxes, and proves a defaulter or fails to pay over the same or any part thereof at the time or place required by law, and to the person legally authorized to demand and receive the same, or aids or abets or is an accessory to such act, is guilty of embezzlement, a felony, and upon conviction thereof, shall be sentenced to undergo imprisonment not exceeding five (5) years, or to pay a fine not exceeding five thousand dollars ($5,000), or both."

The basis for the charge is that he had, while engaged in the business of selling vacuum cleaners under the name of Airway Sales & Service collected sales tax as required by the Selective Sales & Use Tax Act of March 6, 1956, P. L. 1228, (1955), as amended, 72 PS §3403-1 et seq. The jury returned a verdict of guilty. He filed a motion for arrest of judgment and for a new trial.

Although a number of reasons are assigned, he has argued and briefed only four and we shall therefore consider he has abandoned the others. The reasons

being pressed are: (1) The verdict was against the evidence; (2) the verdict was against the law applicable to the case; (3) the court erred in admitting the testimony of Peter Krehel based on the file of the Sales and Use Tax Division of the Department of Revenue; and (4) the court erred in admitting exhibits 1 through 7 into evidence. These will be considered in the order listed.

The testimony offered by the Commonwealth would have justified the jury in concluding that defendant was engaged in the sale of vacuum cleaners under the name of Airway Sales & Service and as such has obtained license 6706709 from the Sales and Use Tax Division of the Department of Revenue of the Commonwealth of Pennsylvania. As of October of 1960, he had not filed the quarterly returns of sales and sales tax collections for all of the year 1959 and the first three quarters of 1960. In October of 1960, a representative of the local sales tax office called at his place of business and prepared for him from information furnished by his wife, who was his bookkeeper, the quarterly returns for the periods in question. Defendant examined and signed and certified as correct these returns. These showed a total of $2030.93 in sales tax collected and due the Commonwealth. Subsequently he paid $189 on account of this tax prior to the institution of this prosecution, and $750 after the prosecution was begun.

Two witnesses who had made purchases directly from defendant testified they had paid sales tax to him, one $4.90 in August of 1959 and the other $5.25 on April 28, 1959. Defendant testified that he considered many of the sales as being wholesale and not retail and therefore he was not required to collect and pay the tax on these sales. He estimated that this accounted for 75 percent of his sales. This would indicate he considered the other 25 percent retail, which of

course would be taxable sales. He further testified he felt he had collected the tax on this 25 percent of his business. He told the representative of the local sales tax office that he had to pay cash for his cleaners and that this made it difficult for him. When asked why he did not pay the tax he testified at the trial that when he was paid for the cleaners he had no separate fund for the sales tax, but that all cash and checks were deposited in the general account of the business, or were sometimes used for purchases and "didn't get as far as the deposit." On this testimony the jury was certainly justified in concluding that he had converted or appropriated money to his own use and that he had failed to pay over the same or part thereof at the time or place required by law to the persons legally authorized to demand and receive the same.

The second point is based on a two-fold argument: (a) That he is not a tax collector within the meaning of section 823 of The Penal Code, and (b) that the prosecution could be brought only under the penal provisions of the Selective Sales and Use Tax Act.

It is argued that to be a tax collector under this section, one must have been elected to a specific office for a specific term, at least some of the duties of which are specifically to collect taxes. The only authority cited for this proposition is Commonwealth v. Simpson, 74 D. & C. 313, where the late Judge Crumlish pointed out that this section and its predecessors have consistently been applied to collectors who are officials elected or appointed duly qualified as public officials having a term of office where their official capacity is to collect taxes. However, in that case the court refused to quash the indictment charging an employe of the office of the Receiver of Taxes of Philadelphia with a violation of this section. It will be noted that the language of this section nowhere limits its application to public officials or even employes. It is in the broadest

possible language and covers "whoever being charged with the collection, safekeeping or transfer of any taxes of the Commonwealth . . ."

Two sections of the Selective Sales and Use Tax Act impose a responsibility on defendant to collect the tax on retail sales. Section 201(a), 72 PS §3403-201(a), provides:

"There is hereby imposed upon each separate sale at retail as defined herein within this Commonwealth a tax of four per cent of the purchase price, which tax shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided. . ."

And section 546(b) of the same act, 72 PS §3403-546, provides:

"Collection by Persons Maintaining a Place of Business in the Commonwealth. (1) Every person maintaining a place of business in this Commonwealth and selling or leasing tangible personal property or services, the sale or use of which is subject to tax, shall collect the tax from the purchaser or lessee, and shall remit the tax to the department."

These portions of the act clearly charge defendant with the collection of tax due the Commonwealth.

Were it not for section 601(b) of the Selective Sales and Use Tax Act, 72 PS §3403-601(b), we would find it difficult not to accept defendant's second argument on this point. This section provides:

"Nothing contained in this act shall be deemed to repeal, suspend, modify or render inoperative any provision of the general laws of this Commonwealth, heretofore or hereafter enacted, prescribing any criminal offenses and penalties therefor, and the criminal offenses and penalties therefor prescribed by this act shall be in addition to any criminal offenses prescribed by the general laws of this Commonwealth, which may arise out of the same transaction or transactions."

There can be no question that the general rule of statutory construction is that where there is both a general act and a special act covering the same subject, the special act will prevail, particularly if it is the more recent of the two acts, and any proceeding must comply with it. This rule is recognized in section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §563. Section 601(b) quoted above could not more clearly express the legislative intent that the special penal provisions of the Selective Service Sales and Use Tax Act should not render inoperative any provision of the general law. In our opinion this legislative mandate takes the case out of the general rule. We therefore hold that this prosecution under The Penal Code may stand, notwithstanding the special penal provisions in the Selective Sales and Use Tax Act.

Peter Krehel testified from the records of the Department of Revenue that the required returns for 1959 and 1960 were not filed by defendant when they were due and that the only payments made for that period were $189 and $750. It was previously noted that this latter payment was made after the prosecution was begun. We admitted the testimony under the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, 28 PS §91(a) et seq. He testified that he was employed as enforcement officer of the Sales Tax Division of the department, that he was familiar with the procedures of the department, and described how the files which he produced were made up and kept. Although he was not the custodian of the files, we think he was qualified to testify as to its identity and its mode of preparation. From our experience as an employe of the Department of Revenue some years ago, we are cognizant of the extreme difficulty that would be entailed if departmental files of this type could be produced only by calling each employe who had per-

sonally received each piece of correspondence or tax return and each person who had handled it within the department before it finally came to rest in the central file of the particular bureau. It was to avoid difficulties of this kind that this act was enacted. We think the testimony was properly admitted. In any event, defendant never denied that he had not filed the returns as they became due, and did not contend that he made any payments of any tax due for the year 1959 and the first three quarters of 1960 prior to the prosecution other than the $189 payment.

No authority is cited for the last point of defendant to the effect that exhibits 1 through 7 were improperly admitted. These were the returns for each of the seven quarters in question prepared by the representative of the local sales tax office for defendant from information supplied by defendant's bookkeeper and signed by defendant. There was no evidence offered to show that they were not accurate, and defendant in his testimony readily agreed he had signed them. We find no merit in this contention. A review of the whole record convinces us that defendant was fairly tried and properly convicted.

The motion for arrest of judgment raises the same questions raised in the motion for new trial, and the discussion hereinabove serves to dispose of that motion.

We, therefore, enter the following

### Order

And now, to wit, August 30, 1962, it is ordered, adjudged and decreed that the motion for arrest of judgment and the motion for new trial filed by defendant, Earl F. Arnold, be and are hereby refused, and defendant is ordered to appear for sentence on Monday, September 24, 1962, at 10 o'clock.

An exception is granted to defendant to the action of the court in this regard.